IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT J. MELNICK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-3206 |
| | : | |
| v. | : | |
| | : | |
| CHINA HOUSE RESTAURANT, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

Smith, J.                                                                                                                           October 24, 2014

This matter is one of 29 cases filed by the plaintiff *pro se*, Mr. Scott Jeffrey Melnick, in which he is attempting to collect hundreds of millions of dollars based on alleged contracts by which he provided advice to various individuals and entities as to how to win the lottery.[1] For the reasons set forth below, the court will order the plaintiff to show cause why the court should not dismiss the complaint in this case for lack of subject-matter jurisdiction or (2) lack of timely service of process under Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] The plaintiff has filed 28 other actions in which he essentially alleges that (1) he expressly or impliedly entered into agreements with various individuals and entities through which he would provide them with guidance as to how to win the lottery, or (2) individuals or entities improperly obtained and used his advice as to how to win the lottery. *See* Civ. Action Nos. 5:14-cv-2855 (*Melnick v. The White House, et al.*), 5:14-cv-2856 (*Melnick v. Krotchta, et al.*), 5:14-cv-2857 (*Melnick v. Melnick, et al.*), 5:14-cv-3058 (*Melnick v. Knopf Automotive*), 5:14-cv-3060 (*Melnick v. The Dulski, et al.*), 5:14-cv-3062 (*Melnick v. Voitus*), 5:14-cv-3063 (*Melnick v. PNC Fin. Servs. Grp./Chex Sys., Inc., et al.*), 5:14-cv-3064 (*Melnick v. Hunan Springs*), 5:14-cv-3065 (*Melnick v. The Estate of Mr. James Leuth*), 5:14-CV-3066 (*Melnick v. Baumann's Antiques & Candles*), 5:14-cv-3067 (*Melnick v. The Am. Detective Agency*), 5:14-cv-3068 (*Melnick v. Jaindl*), 5:14-cv-3069 (*Melnick v. Dellinger, et al.*), 5:14-cv-3070 (*Melnick v. Lehigh Pizza*), 5:14-cv-3071 (*Melnick v. Segel*), 5:14-cv-3072 (*Melnick v. Suoboda, et al.*), 5:14-cv-3073 (*Melnick v. Ueichert Commercial Brokerage*), 5:14-cv-3074 (*Melnick v. CNBC Studio*), 5:14-cv-3075 (*Melnick v. Weil Antique Ctr.*), 5:14-cv-3081 (*Melnick v. Alercia, et al.*), 5:14-cv-3083 (*Melnick v. Wells Fargo Bank, et al.*), 5:14-cv-3084 (*Melnick v. Young's Cleaners*), 5:14-cv-3085 (*Melnick v. Sulderits, et al.*), 5:14-cv-3086 *Melnick v. Dellisant, et al.*), 5:14-cv-3087 (*Melnick v. Ciappina, et al.*), 5:14-cv-3207 (*Melnick v. Temple Beth El*), 5:14-cv-3208 (*Melnick v. Scott*), 5:14-cv-5631 (*Melnick v. Cole Haan*).  The plaintiff appears to have paid the filing fee for each of the aforementioned actions.

   The court has not relied on the allegations in the above cases or the dispositions in those cases in analyzing the issues discussed in this memorandum opinion.  The court references the cases only for contextual purposes.

## I.    SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff commenced this action against the defendant, China House Restaurant, by filing a complaint on June 3, 2014. Doc. No. 1.[2] On that same date, it appears that the Clerk of Court's office issued a summons to the plaintiff. *See* 6-3-14 Unnumbered Docket Entry Between Doc. Nos. 1 & 2 (showing issuance of summons to plaintiff on June 3, 2014). The defendant filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on October 10, 2014. Doc. No. 2.

Presumably in response to the motion to dismiss, the plaintiff filed an amended complaint on October 22, 2014. Doc. No. 3. In the amended complaint, the plaintiff alleges that he lives in Allentown, Pennsylvania, and the defendant has a business address in Allentown, Pennsylvania. *See* Am. Compl. at ¶¶ 1-2. He also alleges that he is a United States Citizen and the defendant is United States business. *Id.* at ¶¶ 3-4. He claims that the "court has jurisdiction, as the agreements made were person to person." *Id.* at ¶ 5.

As for the substance of his claims, the plaintiff avers that "Ryan Weston advertised the fact that China House Restaurant had interest in Mr. Melnick's being the plaintiff." *Id.* at ¶ 8. A few days prior to September 13, 2008, the plaintiff was interested in having the defendant help him "adventure a lottery scheme per Temple Beth EL [sic] [in] Allentown, P[ennsylvania]." *Id.* at ¶ 9. The plaintiff disclosed certain "lottery information" to the defendant, and the defendant agreed to disclose its income tax statement to the plaintiff as proof about the defendant's success or lack of success in the lottery. *Id.* at ¶¶ 10, 11.

The defendant did not disclose a pertinent tax statement, so the plaintiff "assume[s], per the agreement that the lottery was won but not disclosed." *Id.* at ¶ 13.[3] Thus, the plaintiff asserts

---

[2] The plaintiff used a form complaint in this case.
[3] The plaintiff skipped paragraph 12 in the amended complaint.

that the defendant breached the agreement by not disclosing the tax statement. *Id.* at ¶ 14. The plaintiff seeks $206,000,000 for his share of the lottery winnings, $20,000,000 in additional compensatory damages, "$9,000 per lottery claim . . . for legal fees," and "[a] summation of at least 4% interest . . . for any money lost during this time of discovery." *Id.* at ¶¶ 15-18.

The plaintiff also alleges that he entered into a second arrangement with the defendant in the weeks leading up to August 16, 2009, by which they would win the lottery by using the plaintiff's "lottery winning procedures." *Id.* at ¶¶ 20. The plaintiff invited the defendant [even though the defendant is a restaurant] to "brunch at the Mirage Hotel and Casino in Las Vegas, [Nevada,] where the lottery winning information was derived." *Id.* at ¶ 21. Apparently, the defendant once again breached the purported agreement by failing to turn over an income tax statement showing whether the defendant won the lottery, so the plaintiff is seeking $259,000,000 for his share of the Powerball lottery winnings for August 19, 2009. *Id.* at ¶¶ 22, 23. The plaintiff also seeks an additional $45,000,000 in compensatory damages, "$9,000 per lottery claim . . . for legal fees," and "[a] summation of at least 4% interest . . . for any money lost during this time of discovery." *Id.* at ¶¶ 26-28.

Almost immediately after the plaintiff filed the amended complaint, the defendant filed a motion to dismiss the amended complaint. Doc. No. 4.

## II. DISCUSSION

Although there appear to be significant issues with the merits of the claims in the complaint insofar as the plaintiff is attempting to collect money resulting from a lottery that the defendant, may or, most likely, may not have won prior to his death, the court will not address those issues at this point.[4] Instead, there are two preliminary issues requiring resolution: First, it

---

[4] The court will be issuing a separate order scheduling argument on the defendant's motion to dismiss the amended complaint. The argument will occur on the same date as the hearing and argument in this case.

does not appear that the court has subject-matter jurisdiction over this action. Second, it does not appear that the plaintiff has properly effected service of the complaint and summons as required by Rule 4(m) of the Federal Rules of Civil Procedure.

With regard to subject-matter jurisdiction, the party asserting federal jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Although the only document of record so far is the complaint, the court is obliged to address issues of subject-matter jurisdiction *sua sponte*. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits."). If the court lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the amended complaint does not contain any particular averments regarding subject-matter jurisdiction other than the plaintiff's blanket assertion that the court has jurisdiction because the parties spoke in person. *See* Am. Compl. at ¶ 5. This allegation, in itself, does not affirmatively show the basis for this court's jurisdiction over this matter. Moreover, the court is unaware of any act of Congress providing the court with jurisdiction by virtue of apparently non-diverse parties' personal communications.

The only document in which the plaintiff attempted to affirmatively identify the basis for the court's subject-matter jurisdiction in this matter was the original complaint. Although the original complaint is no longer the operative document because the plaintiff filed an amended complaint, the court notes that the plaintiff had indicated in the original complaint that the court has federal-question jurisdiction (28 U.S.C. § 1331) over this case. *See* Compl. at 2, Doc. No. 1.

In support of this allegation, the plaintiff alleged that the following constitutional, statutory, or treaty rights are at issue: "Embezzlement, Conspiracy, [and] Theft of Service." *Id.*

Even if the court were to rely on the plaintiff's allegation in the original complaint that he was seeking to invoke the court's jurisdiction over matters involving a federal question, he still has not sustained his burden to show that jurisdiction is proper here. The federal-question jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 939 F. Supp. 398, 399 (E.D. Pa. 1996) (citation omitted). "Furthermore, the cause of action must be created by the federal law or the vindication of a right under state law must turn upon the construction of that federal law." *Id.* (citation omitted).

Despite the plaintiff's general references to the court having federal-question jurisdiction and his assertion that his supposed federal rights against embezzlement, conspiracy, and theft of service, the complaint does not identify what, if any, federal, constitutional, statutory, or treaty rights, are essential elements of his claims. Therefore, the plaintiff has not properly pleaded a valid basis for this court's subject-matter jurisdiction over this action under 28 U.S.C. § 1331.

Concerning the plaintiff's apparent failure to timely serve the complaint, he filed the complaint on June 3, 2014. The plaintiff had 120 days from the filing of that complaint, *i.e.* October 1, 2014, to serve the summons and the complaint upon the defendant. *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 120 days after the complaint is filed"). The plaintiff has not filed any proof of service indicating that he has effected service of

the summons and the complaint in this matter.  *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").  The court recognizes that the defendant filed a motion to dismiss on October 10, 2014, which would have been nine days after the expiration of the 120-day period and which would seemingly show that the plaintiff effected service of process.  Nonetheless, the court cannot discern from the current record (since the plaintiff failed to file a proof of service) that he timely effected service of process.  Accordingly, to date, the record does not reflect that the plaintiff has complied with Rule 4(m) by virtue of his failure to timely serve the summons and the complaint on the defendant and file the appropriate proof of service with the court.

### III.   CONCLUSION

For the reasons set forth above, it appears that the court lacks subject-matter jurisdiction over this action.  Nonetheless, the court recognizes that when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted).  Therefore, despite the court's apparent lack of subject-matter jurisdiction over this case, the court will provide the plaintiff with a period of twenty-one (21) days to file a written response in which he shows how the court has subject-matter jurisdiction over this case.

In addition, to the extent that the plaintiff can show that the court has subject-matter jurisdiction over this matter, the record does not reflect that the plaintiff complied with Rule 4(m) by serving the summons and the complaint upon the defendant within 120 days of the filing of the complaint.  Per the mandates of Rule 4(m), the court will dismiss this action without prejudice for the plaintiff's failure to properly effect service of the summons and the complaint unless the plaintiff provides a written response in twenty-one (21) days establishing (1) he

effected service of process within the 120-day period, or (2) good cause for the failure to effect timely service. *See* Fed. R. Civ. P. 4(m) (mandating dismissal of action against defendant not timely served within 120 days unless plaintiff shows good cause for failure to serve).

An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.